# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEREMY MICHAEL WILMOT,**

        **Plaintiff,**

    **v.**                                       CASE NO. 19-3268-SAC

**NEOSHO COUNTY JAIL, et al.,**

        **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se; his fee status is pending.

### Nature of the Complaint

Plaintiff sues the Neosho County Jail and seven individuals employed there. He alleges that (1) he has been denied medical treatment, and (2) jail staff have been verbally abusive. He seeks injunctive relief and damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## Discussion

The Court has reviewed the complaint and has identified the following deficiencies. First, the Neosho County Jail is not a proper defendant in this action. Section 1983 provides a remedy for claims of federal rights by a "person" acting under color of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is

subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Next, plaintiff's claims of verbal taunts by jail staff members that disparaged his character and told him he would only see his children grow up in pictures fail to state a claim for relief. *See Alvarez v. Gonzalez*, 155 F. App'x 393, 396 (10th Cir. 2005)("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'")(quoting *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"; *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)("Verbal harassment or abuse of the sort alleged in this case [sheriff laughed at prisoner and threated to hang him] is not sufficient to state a constitutional deprivation under 42 U.S.C. §1983.").

Finally, plaintiff alleges a denial of adequate medical care. Because plaintiff is a pretrial detainee, his right to adequate medical care is guaranteed by the Due Process Clause of the Fourteenth Amendment. *Oxendine v. Kaplan*, 241 F.3d 127, 1275 n. 6 (10th Cir. 2001).

Under the Due Process Clause, "pretrial detainees are … entitled

to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985).

Under the Eighth Amendment, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This standard has both objective and subjective components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citing *Estelle*, *id*.).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks and citations omitted).

Under the subjective portion of the analysis, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Within this framework, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's constitutional rights. *See Estelle*, 429 U.S. at 105-06 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does

not state a valid claim of medical mistreatment under the Eighth Amendment."). Likewise, a difference in opinion between a prisoner and medical personnel is insufficient to state a claim for relief. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Finally, a delay in providing medical care violates the Constitution only where that delay resulted in substantial harm. *Oxendine*, 241 F.3d at 1276 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

At this point, plaintiff appears to claim that he has been denied medical attention for Hepatitis C and for mental health conditions that have been treated with medication for over twenty years. The Court finds that plaintiff has sufficiently alleged serious medical conditions a failure to provide treatment.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).
And, to be liable under § 1983, a defendant must participate in a deliberate deprivation of constitutional rights, and not a negligent deprivation. *Woodward v. Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). In order to properly evaluate the claims against each defendant, the Court will direct plaintiff to file an amended complaint that addresses only his claim of the failure to provide medical care and that clearly explains the personal participation of each named defendant. The amended complaint must have the Case No. 19-3268 on its cover. If plaintiff fails to file a timely response, the Court will rule on the present complaint.

IT IS, THEREFORE, BY THE COURT ORDERED that the Neosho

County Jail is dismissed.

IT IS FURTHER ORDERED that plaintiff's claims of verbal abuse are dismissed.

IT IS FURTHER ORDERED that on or before **January 29, 2020,** plaintiff shall file an amended complaint as directed. The Clerk of the Court shall transmit a complaint form to plaintiff.

**IT IS SO ORDERED.**

DATED: This 3d day of January, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge