IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMY MICHAEL WILMOT,**

                **Plaintiff,**

    v.                                  CASE NO. 19-3268-SAC

**NEOSHO COUNTY JAIL, et al.,**

                **Defendants.**

## O R D E R

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds pro se, and the Court grants leave to proceed in forma pauperis. By an earlier order, the Court dismissed certain claims and directed plaintiff to submit an amended complaint. Plaintiff filed a timely response, and the Court has reviewed that pleading.

### Nature of the amended complaint

The amended complaint alleges that the sole defendant, a captain at the Neosho County Jail, caused plaintiff to suffer unnecessary pain by refusing to provide adequate medical care. The complaint, however, does not explain the specific nature of the plaintiff's medical conditions, how and when he sought medical care, or the nature of harm he suffered.

### Discussion

Although a complaint need not set out detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

Because the amended complaint provides little specific information concerning the plaintiff's medical needs, the Court will direct plaintiff to submit a second amended complaint that sets out the specific needs for which plaintiff sought medical attention, how and when he did so, and the harm he suffered.

### Motion to appoint counsel

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record and denies the request to appoint counsel, as plaintiff has not yet presented a complaint that is factually sufficient to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **July 15, 2020,** to submit a second amended complaint as directed. The clerk of the court shall transmit a form complaint to plaintiff.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted. Plaintiff remains obligated to pay the balance of the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of June, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge